Caruso v Premier Paratransit, LLC (2019 NY Slip Op 07047)





Caruso v Premier Paratransit, LLC


2019 NY Slip Op 07047


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-07683
 (Index No. 503947/15)

[*1]Andrew Caruso, etc., appellant, 
v
Premier Paratransit, LLC, respondent.


Sullivan Papain Block McGrath & Cannovo, P.C., Garden City, NY (Christopher J. DelliCarpini of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (James K. O'Sullivan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 23, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action was commenced to recover damages for personal injuries allegedly sustained by the plaintiff's decedent while she was attempting to board a paratransit vehicle owned by the defendant, an independent contractor that provided services for the New York City Transit Authority's Access-A-Ride program. Following discovery, the defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals from so much of the order as granted the defendant's motion for summary judgment dismissing the complaint.
A "transit company is under a duty to provide . . . prospective passenger[s] with a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance" (Blye v Manhattan & Bronx Surface Tr. Operating Auth. , 124 AD2d 106, 111, affd 72 NY2d 888). "Only when the placement of the bus dictates that the passenger navigate a treacherous path should the public carrier be held liable for any injuries proximately caused by that hazardous condition" (id . at 111). Here, viewed in the light most favorable to the plaintiff, the evidence established that the defendant's vehicle was still moving at the time of the decedent's accident, not yet having pulled to the side of the road for the decedent to board. The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint because it neither breached its duty to provide a safe area to embark nor forced the decedent to traverse a dangerous path (see Blye v Manhattan & Bronx Surface Tr. Operating Auth., 72 NY2d 888). In opposition, the plaintiff failed to raise a triable issue of fact.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court